IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-59-BO

SIDDHANTH SHARMA, )
 )
        Plaintiff, )
 )
v. )    O R D E R
 )
DAMON CIRCOSTA, in his official )
Capacity as Chair of the North Carolina )
State Board of Elections, STELLA )
ANDERSON, in her official capacity as a )
member of the North Carolina State )
Board of Elections, JEFF CARMON, in his )
official capacity as a member of the North )
Carolina State Board of Elections, STACY )
EGGERS IV, in his official capacity as a )
member of the North Carolina State Board )
of Elections, TOMMY TUCKER, in his )
official capacity as a member of the North )
Carolina State Board of Elections, KAREN )
BRINSON BELL, in her official capacity )
as the Executive Director of the North )
Carolina State Board of Elections, the )
North Carolina Board of Elections, )
 )
        Defendants. )

This cause comes before the Court on plaintiff's motion for a temporary restraining order and a preliminary injunction [DE 2] and plaintiff's motion to consolidates cases [DE 3].

Plaintiff commenced this action on February 7, 2022. Plaintiff alleges that North Carolina imposes unconstitutional requirements on candidates seeking to get on the 2022 federal congressional midterm election ballot. Plaintiff alleges that the North Carolina Board of Elections ("Board") requires candidates to 1) be a registered voter, 2) be affiliated with a political party for at least 90 days, and 3) not have any felony convictions. Plaintiff alleges this North Carolina Board

of Election law or policy is keeping him off of the 2022 federal congressional ballot and that the Board has threatened to arrest him for failing to successfully get onto the ballot.

## I. Motion for Preliminary Injunction and Temporary Restraining Order [DE 2]

Plaintiff seeks a preliminary injunction and a temporary restraining order to stop the North Carolina Board of Elections from enforcing these alleged policies. Plaintiff alleges that these North Carolina requirements are unconstitutional.

The standard for a temporary restraining order is the same as the standard for granting a preliminary injunction. *See U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of ... relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief. *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his complaint. Accordingly, plaintiff's motion [DE 2] is DENIED.

## II. Motion to Consolidate [DE 3]

Plaintiffs seeks to consolidate his case with U.S. Representative Madison Cawthorn's case currently pending in the Eastern District of North Carolina, 5:22-CV-00050-M. Rule 42 provides for the consolidation of actions pending before a court if the actions involve common questions of law or fact. FED. R. CIV. P. 42(a). The Court has broad discretion to consolidate cases pending in

this district, *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977), and it does not require consent of the parties to do so. *See, e.g., Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 191 (4th Cir. 1982) (discussing sua sponte consolidation); *see also Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can.*, 210 F.3d 771, 774 (7th Cir. 2000) (consent of parties not required for consolidation).

Having reviewed the complaints, the Court finds that these cases do not include common factual and legal issues. Though plaintiffs in both cases challenge alleged barriers to accessing North Carolina's ballot, Representative Cawthorn challenges a specific and distinct North Carolina law unrelated to this plaintiff's allegations. Accordingly, the motion to consolidate is DENIED.

## Conclusion

Plaintiff's motion for a preliminary injunction and a temporary restraining order [DE 2] is DENIED. Plaintiff's motion to consolidate [DE 3] is DENIED.

SO ORDERED, this __9__ day of February, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE