IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-59-BO

| | |
|---|---|
| SIDDHANTH SHARMA, )<br>         *Plaintiff*, )<br>)<br>v. )<br>)<br>DAMON CIRCOSTA, in his official )<br>capacity as Chair of the North Carolina )<br>State Board of Elections, STELLA )<br>ANDERSON, in her official capacity as a )<br>member of the North Carolina State )<br>Board of Elections, JEFF CARMON, in his )<br>official capacity as a member of the North )<br>Carolina State Board of Elections, STACY )<br>EGGERS IV, in his official capacity as a )<br>member of the North Carolina State Board )<br>of Elections, TOMMY TUCKER, in his )<br>official capacity as a member of the North )<br>Carolina State Board of Elections, KAREN )<br>BRINSON BELL, in her official capacity )<br>as the Executive Director of the North )<br>Carolina State Board of Elections, the )<br>NORTH CAROLINA BOARD OF )<br>ELECTIONS, )<br>         *Defendants*. ) | O R D E R |

This cause comes before the Court on plaintiff's *pro se* motion [DE 40] requesting to raise a counterclaim and asking for a temporary restraining order. For the reasons that follow, the motion is denied without prejudice.

The Court dispenses with a full recitation of the background of this matter and incorporates by reference, as if fully set forth herein, the factual and procedural background of this matter outlined in its order entered May 16, 2022. In its May 16 order, the Court dismissed plaintiff's

complaint for lack of subject matter jurisdiction. Plaintiff filed the instant motion on the same day the May 16 order was signed and judgment was entered in this case.

Plaintiff's instant motion contains a duplicative request for a temporary restraining order, which has previously been denied twice. The instant motion brings a "counter claim" in the form of challenging: Article VI, § 2, Clause 3 of the North Carolina Constitution; Article VI, § 8 of the North Carolina Constitution; N.C. Gen. Stat. § 163-55; § 163-82.1; § 163-106.1; §163-106(e); § 163-106.5(b); and § 163-127.3 *et seq*. Plaintiff's instant motion does not cure the jurisdictional deficiency found in the Court's May 16 order [DE 38]. Namely, the Court previously found that plaintiff lacked standing because plaintiff had not asserted an injury. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016). Plaintiff does not assert a concrete injury in his latest filing. *See Clapper v. Amnesty, Int'l USA*, 568 U.S. 398, 410 (2013). Since the case has been dismissed, no relief can be granted. Plaintiff's motion [DE 40] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 17 day of May, 2022.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE