IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-59-BO

| | |
|---|---|
| SIDDHANTH SHARMA,<br>         *Plaintiff,*<br><br>v.<br><br>DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections, JEFF CARMON, in his official capacity as a member of the North Carolina State Board of Elections, STACY EGGERS IV, in his official capacity as a member of the North Carolina State Board of Elections, TOMMY TUCKER, in his official capacity as a member of the North Carolina State Board of Elections, KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of Elections, the NORTH CAROLINA BOARD OF ELECTIONS,<br>         *Defendants.* | O R D E R |

This cause comes before the Court on plaintiff's *pro se* motion for reconsideration, expedition, pretrial conference/hearing/oral argument, counterclaim, preliminary injunction/TRO, and exceed word count. [DE 42]. Defendants have responded, plaintiff has filed a reply, and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

BACKGROUND

On February 7, 2022, plaintiff filed a *pro se* complaint alleging that several North Carolina State Board of Elections ("the Board") candidate filing requirements for the 2022 mid-term

elections are unconstitutional. Plaintiff argued that the following provisions are invalid: 1) that candidates be registered to vote; 2) that they be affiliated with a political party for at least ninety days; and 3) that they do not have any felony convictions. Plaintiff at the time was an incarcerated individual with a prior felony conviction who was not registered to vote. Plaintiff attempted to file as a U.S. House of Representatives candidate in North Carolina's 2022 mid-term elections, but ultimately did not file when he discovered the statutory restrictions. Plaintiff alleged that he was unconstitutionally barred from becoming a candidate because he is a felon who may not register to vote in North Carolina.

On a motion by the defendants, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction by order entered May 16, 2022. [DE 38]. Specifically, the Court held that plaintiff lacked standing because he had not stated an injury in fact as required under Article III. The Court further held that at least a portion of the controversy was not ripe.

On February 9, 2023, plaintiff filed the instant motion. Plaintiff requests, *inter alia*, reconsideration of the dismissal of his complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, specifically citing Rule 60(b)(1), (2), and (3). He primarily asserts that following his release from state custody he was able to obtain evidence not previously presented with his complaint, specifically proof that he had been denied the right to vote prior to his instituting this suit. *See, generally,* [DE 42 p. 4]; [DE 42-3]. Plaintiff also cites to sections of the North Carolina General Statutes, primarily N.C. Gen. Stat. §§ 163-275, 13-1, which he claims he did not have access to in order to cite in opposition to dismissal because he was incarcerated. The relief which plaintiff seeks is an order directing defendants to hold a special election in North Carolina District 13.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) includes several grounds for relief from a final judgment, order, or proceeding, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1); (2); (3).

> It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'

*Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal citations omitted); *see also Williams v. Griffin*, 98 Fed. App'x. 947, 947 (4th Cir. 2004). "Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *U.S. v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (unpublished).

Plaintiff's motion is timely as it was filed within one year of this Court's final judgment. Fed. R. Civ. P. 60(c)(1). However, even assuming, without deciding, that plaintiff could demonstrate the remaining threshold requirements, he cannot show he is entitled to relief under any of the specific sections of Rule 60(b) on which he relies. *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Plaintiff has not demonstrated any mistake, inadvertence, surprise, or excusable neglect. Nor has he shown any fraud, misrepresentation, or misconduct. Accordingly, he has not demonstrated that he should be relieved from the judgment in this case under Rule 60(b)(1) or 60(b)(3).

Nor can he show that relief from final judgment is appropriate under Rule 60(b)(2). Under this rule, the evidence must be *newly* discovered, and it could not have been previously discovered

3

with reasonable diligence – "evidence that was available to the movant prior to the entry of judgment 'as a matter of law' cannot be grounds for granting a 60(b)(2) motion." *Clayton v. Ameriquest Mortg. Co.*, 388 F. Supp. 2d 601, 609 (M.D.N.C. 2005).

As noted above, plaintiff primarily proceeds under a theory that he has newly discovered evidence which justifies relief from final judgment. The letter notifying plaintiff that his voter registration form had been denied due to his active felon status was not only previously available to plaintiff, it was also filed by plaintiff as an exhibit prior to entry of judgment. *Compare* [DE 42-3] *with* [DE 34-3]. Moreover, plaintiff's citations to provisions of the North Carolina General Statutes do not constitute evidence which was previously unavailable and could not have been discovered with reasonable diligence.

In sum, plaintiff has presented no ground for relief from this Court's judgment. His motion for reconsideration is therefore denied. The Court has considered plaintiff's filing in full and therefore grants his request to exceed the word count limitation. The remaining relief sought by plaintiff – to expedite, for pretrial conference/hearing/oral argument, counterclaim, and preliminary injunction/TRO – is denied. As there are no grounds for re-opening this case, there is no need for any pretrial conference, hearing, or oral argument. There are further no grounds upon which to enter relief under Fed. R. Civ. P. 65 as the Court has determined that it lacks subject matter jurisdiction over plaintiff's claims. Finally, the Court has considered the motion in a timely manner and there are no grounds to permit plaintiff to assert a counterclaim. These requests for relief are appropriately denied.

Finally, plaintiff has filed a document styled as a "motion for correspondence" [DE 43], which appears to be a notice that he has complied with this Court's Local Civil Rules. As no relief has been requested, the clerk may terminate this motion.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration [DE 42] is GRANTED IN PART and DENIED IN PART. Plaintiff's request to exceed the word count is GRANTED. All other relief requested is DENIED. The clerk may terminate as pending plaintiff's motion for correspondence. [DE 43].

SO ORDERED, this __11__ day of May 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE